**Jose Alberto Colorado ZAPATA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4126–ag.

United States Court of Appeals, Second Circuit.

Jan. 10, 2007.

Stuart Jay Young, Rego Park, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jose Alberto Colorado Zapata, a citizen of Colombia, seeks review of a June 30, 2004 order of the BIA adopting and affirming the May 28, 2003 decision of immigration judge ("IJ") Elizabeth A. Lamb denying Colorado Zapata's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Alberto Colorado Zapata,* No. A78 407 771 (B.I.A. June 30, 2004), *aff'g* No. A78 407 771 (Immig. Ct. N.Y. City May 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162–63 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it confidently could be predicted that the IJ would adhere to the decision were the case remanded).

As a preliminary matter, we find that Colorado Zapata has waived his CAT claim by failing to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). To the extent that the brief does set out the well founded fear of persecution standard, we construe the brief to have raised Colorado Zapata's asylum

claim. However, we emphasize to counsel the importance of clarity with regard to the particular claims raised on appeal.

Proceeding to the merits of the petition for review, we find that the IJ properly denied Colorado Zapata's asylum and withholding of removal claims because her adverse credibility determination was supported by substantial evidence. In making that determination, the IJ initially noted that Colorado Zapata testified "very specifically about some incidents, but with no specificity or even cognizance of the happening of other events." Indeed, although he chose to submit a 2001 commendation letter from the Colombian police, making reference to his bravery during a 1989 operation that resulted in the deaths of two guerillas, he had no recollection of that incident. Colorado Zapata's inability to recall a significant event in his career, one important enough that it allegedly generated a commendation letter which he chose to submit to the IJ, was a proper basis for the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003) (finding that to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole). Similarly, the IJ did not err in questioning the authenticity of the commendation letter itself, where it was issued in 2001 in recognition of an event that occurred in 1989. At the time the letter was allegedly issued, not only was Colorado Zapata no longer a member of the police force, but he was no longer in Colombia and his family was allegedly in hiding. While an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales*, 331 F.3d at 307. Here, it was not speculative to find the issuance of the com-

mendation letter to be implausible, especially when Colorado Zapata was able to offer no explanation for the lengthy delay in its issuance. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Several of the IJ's remaining findings also properly contributed to her adverse credibility determination, including: Colorado Zapata's testimony that although he worked for 20 years as a police officer in Colombia, he did not contact the police after receiving threats from guerrilla groups; his omission of the fact that he allegedly worked as an armed bodyguard for five years; and his statement upon arrival that the purpose of his attempt to enter this country was "to work in New York."

Although not all of the IJ's credibility findings were proper, in view of the record as a whole, the IJ's determination was a reasonable one. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006); *Jin Chen v. DOJ*, 426 F.3d 104, 113 (2d Cir.2005). The factors properly relied upon were central to Colorado Zapata's claim of persecution, and the Court can confidently predict that the IJ would reach the same decision on remand, even absent the improper grounds. *See Xiao Ji Chen*, 434 F.3d at 162–63; *see also Cao He Lin*, 428 F.3d at 401–02. Because we uphold the IJ's adverse credibility finding, we need not determine whether Colorado Zapata sustained his burden of proof on each of his claims.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).